**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| BLOOMS TRADE INC., INDIVIDUALLY AND, IN THE ALTERNATIVE, ON BEHALF OF COMERCIALIZADORA MISTER LIMÓN, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ARRCA, LLC, ALVARO BARBA PULIDO, and ALEJANDRA BARBA PULIDO, <br><br><br> Defendants. | CIVIL ACTION FILE NO. 7:26-cv-00266 |

**COMPLAINT**

Plaintiff Blooms Trade Inc. ("Plaintiff" or "Blooms"), hereby files its Complaint against Defendants ARRCA, LLC ("ARRCA"), Alvaro Barba Pulido ("Alvaro") and Alejandra Barba Pulido ("Alejandra" and collectively with ARRCA and Alvaro, the "Defendants"), showing this Honorable Court as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.     Blooms Trade Inc. is a Delaware corporation with its principal place of business located in Wilmington, Delaware.

1

2.      Defendant ARRCA, LLC ("ARRCA") is a Texas domestic liability company with its principal place of business located in McAllen, Texas.

3.      ARRCA is subject to personal jurisdiction in this Court and can be served by service on its registered agent, Jessica Aranda, 2009 Bracey Street, Apt. 4, Mission, Texas 78752.

4.      Alvaro Barba Pulido is an individual and resident of the state of Texas, residing at 1308 E. Pineridge Avenue, McAllen, Texas 78503, and is subject to personal jurisdiction in this Court.

5.      Alejandra Barba Pulido is an individual and resident of the state of Texas, and is subject to personal jurisdiction in this Court.

6.      This Court has subject matter jurisdiction, including without limitation pursuant to 7 U.S.C. § 499e and 28 U.S.C. §§ 1331, 1332.

7.      The Court has supplemental jurisdiction to hear all other claims alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in this Court pursuant to 7 USC § 499e and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Blooms' claim occurred in this judicial district.

## GENERAL ALLEGATIONS

### The Transactions

9.  Comercializadora Mister Limón, S.A. de C.V. ("Limón") and ARRCA entered into multiple transactions for Limón to sell perishable agricultural commodities (including limes) (hereinafter, "Produce") to ARRCA in interstate commerce, and for ARRCA to pay Limón, or its successor in interest, the collective amount of $172,252.00 (the "Transactions"), calculated as follows:

| Invoice No. | Amount |
|---|---|
| 2224 | $28,800.00 |
| 2223 | $28,800.00 |
| 2227 | $28,800.00 |
| 2230 | $28,800.00 |
| 2232 | $28,800.00 |
| 2241 | $28,252.00 |
| | $172,252.00 |

10. The Produce sold by Limón to ARRCA was of the type and quantities typically sold in interstate commerce.

11. ARRCA accepted the Produce without objections.

12. Limón issued and sent invoices (collectively, the "Invoices") to ARRCA reflecting the kinds of Produce and agreed amounts owed by ARRCA. *See* Exhibit "A."

13. ARRCA never denied receiving the Produce or Limón's invoices.

3

14.    ARRCA failed to promptly pay Limón's invoices for the Transactions.

**The PACA Trust**

15.    When ARRCA received and accepted the Produce, it became a trustee of the PACA Trust for Limón's benefit (or the benefit of Limón's successor in interest) in the amount of $172,252.00.

16.    The PACA Trust consists of ARRCA's inventories of Produce; products derived from Produce; proceeds from the sale of Produce or products and accounts receivable; and assets commingled, purchased, or otherwise acquired with sales proceeds (collectively, "PACA Trust Assets").

17.    As a PACA trustee, ARRCA must hold the PACA Trust Assets in trust for the benefit of its unpaid sellers and suppliers of Produce that possess valid PACA Trust claims, until all have been paid in full.

18.    ARRCA must ensure the PACA Trust Assets are "freely available to satisfy outstanding obligations" to its PACA Trust beneficiaries. 7 U.S.C. § 499b(4); 7 C.F.R. § 46.46(d)(1).

19.    Any diversion of PACA Trust assets or impairment of the trust beneficiaries' rights to obtain payment is a breach of ARRCA's fiduciary duties.

**Blooms- Limón Transaction**

20.    Blooms and Limón are parties to that certain Blooms Trade Inc Master Factoring Agreement (the "Factoring Agreement").

4

21.     Pursuant to the terms of the Factoring Agreement, Blooms did purchase the absolute title and all rights to each and every one of the Invoices and any and all rights arising thereunder, including any and all rights arising under the PACA.

22.     ARRCA executed on or about March 12, 2025, a Payment Terms and Instructions from Blooms and Limón that provided:

> [Limón] hereby direct[s] [ARRCA] to pay all invoices, and other amounts which may hereafter become due by [ARRCA] to COMERCIALIZADORA MISTER LIMON S.A. DE C.V., to the account specified below. Only full and prompt payment to such account will satisfy any outstanding debt, trust obligation, or PACA obligation evidenced by [Limón's] invoice(s) to [ARRCA] in connection with any Produce transaction.

23.     On February 2, 2026 and again on March 3, 2026, Blooms provided, both in its individual capacity and, in the alternative, as attorney in fact for Limón, notice of intent to preserve the PACA trust rights arising out of the Transactions pursuant to 7 USC § 499e(c)(3).  *See* Exhibits "B" and "C."

24.     Blooms succeeds to all rights, including those arising out of PACA, of Limón with respect to the amounts due and owing with respect to the Transactions.

25.     In the alternative to the immediately preceding sentence, pursuant to the terms of the Factoring Agreement, related documents, and applicable law, ARRCA is entitled to enforce any PACA trust rights retained by Limón.

**Management of ARRCA**

26. ARRCA was at all relevant times operated, managed, and controlled by Alvaro and Alejandra.

27. Alvaro Barba Pulido is the Manager of ARRCA and in this capacity, Alvaro controls or is in a position to control ARRCA's PACA Trust Assets.

28. Alvaro has full knowledge and responsibility for ARRCA's operations and financial dealings.

29. Alejandra controls or is in a position to control ARRCA's PACA Trust Assets by determining who is paid and when such payments are made.

30. Upon information and belief, Alejandra has knowledge and responsibility for ARRCA's operations and financial dealings.

## CLAIMS FOR RELIEF

### COUNT I: ARRCA
### BREACH OF CONTRACT

31. Blooms re-alleges ¶¶1 – 30.

32. Limón entered into contracts with ARRCA for the Transactions.

33. ARRCA breached the contracts by failing to pay for the Transactions within the terms agreed upon by the parties to the Transactions.

34. Limón fully performed all conditions precedent to the agreed contracts.

35. As a direct result of ARRCA's breach of the contracts, Blooms, as the successor in interest to Limón (or in the alternative, on behalf of Limón), have

incurred damages in the amount of at least $172,252.00, plus its incurred attorneys' fees and costs, and interest from the date each invoice became past due.

36. Blooms requests entry of a Final Judgment in its favor against ARRCA in the amount of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

## COUNT II: ARRCA
## FAILURE TO PAY PROMPTLY -- 7 U.S.C. § 499b(4)

37. Blooms re-alleges ¶¶1 – 30.

38. A dealer of Produce is defined in PACA and the Code of Federal Regulations ("Regulations") as "any person engaged in the business of buying or selling perishable agricultural commodities in wholesale or jobbing quantities in commerce." 7 U.S.C. § 499a(b)(6); 7 C.F.R. § 46.2(m).

39. "[W]holesale or jobbing quantities" of Produce is further defined in the Regulations as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).

40. During the Transactions, ARRCA purchased the requisite quantities of Produce in interstate commerce to qualify as a Produce dealer under PACA and the Regulations.

41. As a Produce dealer and USDA licensee under PACA license number 20160950, ARRCA was required to tender full payment promptly to its sellers and suppliers of Produce.

42. ARRCA failed to pay Limón or Blooms, as the successor in interest to Limón, for the Produce in each of the Transactions within the terms of agreed upon by the parties to the Transactions.

43. As a direct result of ARRCA's failure to pay promptly, Blooms, as the successor in interest to Limón (or in the alternative, on behalf of Limón), has suffered damages in the amount of at least $172,252.00, plus its incurred attorneys' fees and costs, and interest from the date each invoice became past due.

44. Blooms requests the Court enter an Order directing ARRCA to immediately pay them PACA Trust Assets in the amount of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

## COUNT III: ALL DEFENDANTS
## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM --
## 7 U.S.C. § 499e(c)

45.    Blooms re-alleges ¶¶1 – 30.

46.    During the Transactions, ARRCA held valid PACA license number 20160950.

47.    When ARRCA received and accepted the Produce from Limón, it became a trustee of the PACA trust for the benefit of Limón in the amount of $172,252.00.

48.    Blooms, as the successor in interest to Limón, preserved its rights as a PACA Trust beneficiary of ARRCA by timely sending notice of intent to preserve its PACA trust rights under 7 U.S.C. § 499e(c)(3). *See* Exhibits "B" and "C."

49.    In the alternative to the immediately preceding paragraph, Blooms, as the attorney in fact to Limón, preserved Limón's rights as a PACA Trust beneficiary of ARRCA by timely sending notice of intent to preserve Limón PACA trust rights under 7 U.S.C. § 499e(c)(3).

50.    ARRCA failed to pay for the Produce in each of the Transactions within the terms agreed upon between the Parties to the Transactions.

51.    Blooms, as the successor in interest to Limón (or in the alternative, Limón) is an unpaid supplier and seller of Produce, and Blooms is entitled to PACA

9

Trust protection and payment from ARRCA's assets subject to the PACA trust. *See* 7 U.S.C. § 499e(c).

52. There is an actual case and controversy between Blooms and Defendants relating to the subject PACA Trust claims.

53. Blooms requests the Court enter an Order declaring it holds, either individually or on behalf of Limón, a valid PACA Trust claims against ARRCA in the amount of at least $172,252.00, and that its valid PACA Trust claims include attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

**COUNT IV: ARRCA**
**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**
**7 U.S.C. § 499e(c)**

54. Blooms re-alleges ¶¶1 – 30.

55. PACA Trust Assets include ARRCA's inventories of Produce; products derived from Produce; proceeds from the sale of Produce or products and accounts receivable; and assets commingled, purchased, or otherwise acquired with proceeds.

56. ARRCA possesses and controls PACA Trust Assets belonging to Blooms, or in the alternative, Limón.

57.   As the statutory PACA trustee, ARRCA must hold the PACA Trust Assets for Blooms' (or in the alternative, Limón's) benefit.

58.   As a direct result of ARRCA's failure to use the PACA Trust Assets to pay for the Produce in each of the Transactions, Blooms (or in the alternative, Limón) have suffered damages in the amount of at least $172,252.00, plus its incurred attorneys' fees and costs, and interest from the date each invoice became past due.

59.   Blooms requests the Court enter an Order directing ARRCA to immediately pay Blooms, as a  PACA Trust beneficiary, PACA Trust Assets in the amount of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

### COUNT V: ALL DEFENDANTS
### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

60.   Blooms re-alleges ¶¶1 – 30.

61.   During all relevant times, including the present Transactions, Alvaro was the manager of ARRCA.

62.   In this capacity, Alvaro controls, controlled or was in a position to control ARRCA's PACA Trust Assets.

63. Alvaro has and, during all relevant times, had full knowledge and responsibility for ARRCA's operations and financial dealings.

64. During all relevant times, including the present Transactions, Alejandra had responsibilities for determining which and when vendors of ARRCA were paid.

65. In this capacity, Alejandra controls, controlled or was in a position to control ARRCA's PACA Trust Assets.

66. Alejandra has and, during all relevant times, had knowledge and responsibility for ARRCA's operations and financial dealings.

67. Alvaro and Alejandra had a duty to ensure that ARRCA fulfilled its duties as trustee of the PACA Trust.

68. Alvaro and Alejandra had a duty to ensure that ARRCA maintained sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

69. ARRCA breached its fiduciary duty as the PACA trustee by failing to maintain sufficient PACA Trust Assets.

70. Alvaro and Alejandra breached their fiduciary duties by failing to ensure that ARRCA fulfilled its duties as the PACA trustee.

71. As a direct result of Alvaro's and Alejandra's breaches of fiduciary duties, Blooms, individually and as successor to Limón (or in the alternative, Limón),

12

has suffered damages in the amount of at least $172,252.00, plus its incurred attorneys' fees and costs, and interest from the date each invoice became past due.

72. Blooms requests the Court enter a Final Judgment in its favor against Alvaro, Alejandra, and ARRCA in the amount of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the Transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

## COUNT VI: ALVARO AND ALEJANDRA
## UNLAWFUL RETENTION OF PACA TRUST ASSETS

73. Blooms re-alleges ¶¶ 1 – 30.

74. The bank accounts of ARRCA consisted of PACA Trust Assets realized from sales of Produce.

75. Upon information and belief, ARRCA regularly transferred funds to Alvaro, Alejandra, or other accounts under their control.

76. Commingling the PACA Trust Assets from the ARRCA bank accounts with the assets held in accounts of Alvaro or Alejandra, or other accounts under their control, resulted in all of Alvaro and Alejandra assets being impressed with the PACA Trust.

77. Transferring PACA Trust Assets to Alvaro or Alejandra breached ARRCA's PACA Trust duties to Limón and Blooms, as those assets lawfully belong to

13

Blooms, as successor in interest to Limón (or in the alternative, Limón) and similarly situated PACA Trust beneficiaries.

78. Alvaro or Alejandra knew or should have known the transfers were comprised of PACA Trust Assets.

79. When Alvaro or Alejandra received the PACA Trust Assets, Alvaro or Alejandra knew or should have known that ARRCA was experiencing financial difficulties.

80. When Alvaro or Alejandra received the PACA Trust Assets, Alvaro or Alejandra knew or should have known that ARRCA could not pay its sellers and suppliers of Produce, including Blooms, as successor in interest to Limón (or in the alternative, Limón).

81. When Alvaro or Alejandra received the PACA Trust Assets, Alvaro or Alejandra knew or should have known that ARRCA's failure or inability to maintain sufficient PACA Trust Assets to satisfy all applicable PACA Trust claims was a breach of its duties under PACA.

82. Blooms (or in the alternative, Limón) have suffered damages in an amount totaling the value of the PACA Trust Assets that Alvaro or Alejandra received and unlawfully retained, less any PACA Trust Assets Blooms recovers directly from ARRCA.

14

83. Blooms requests the Court enter a Final Judgment in Blooms favor against Alvaro or Alejandra in an amount totaling all of the PACA Trust Assets Alvaro or Alejandra received and unlawfully retained to the extent of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

### COUNT VII: ALVARO AND ALEJANDRA
### CONVERSION

84. Blooms realleges ¶¶1 – 30.

85. Blooms is informed and believes that Alvaro or Alejandra transferred PACA Trust Assets to other accounts under their control that had been transferred from, and commingled in, the ARRCA bank accounts.

86. The transfers were an unauthorized assumption and exercise of the right of ownership over PACA Trust Assets belonging to Blooms (or in the alternative, Limón).

87. The transfers were hostile to the rights of Blooms and Limón.

88. Alvaro's or Alejandra's acts of dominion over the PACA Trust Assets are willful and done with the intent to deprive Blooms and Limón.

89. Blooms (and in the alternative, Limón) has suffered damages as a result of Alvaro's or Alejandra's unlawful conduct.

90. Blooms requests the Court enter a Final Judgment in its favor against Alvaro and Alejandra in the amount of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

### COUNT VIII: ALVARO AND ALEJANDRA
### MONEY HAD AND RECEIVED

91. Blooms realleges ¶¶1 – 30.

92. Blooms is informed and believes that Alvaro or Alejandra transferred PACA Trust Assets to other accounts under their control that had been transferred from, and commingled in, the ARRCA bank accounts.

93. These funds held by Alvaro and Alejandra in equity and good conscience belongs to Blooms (or in the alternative, Limón).

94. Based on the doctrine of money had and received, Blooms requests the Court enter a Final Judgment in its favor against Alvaro and Alejandra in the amount of at least $172,252.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate to be determined by the relevant documents related to the Transactions and applicable law.

## COUNT IX: ALL DEFENDANTS
## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

95.   Blooms realleges ¶¶1 – 30.

96.   As a result of ARRCA's failure to pay for the Produce as required by contract, by PACA, 7 U.S.C. § 499(b)(4), and by the Code of Federal Regulations, 7 C.F.R. § 46.2(aa), Blooms has been forced to incur attorneys' fees and costs in this action and to compel payment of their PACA trust claims.

97.   Pursuant to applicable law and the documents related to the Transactions, Blooms provides notice to Defendants that it intends to enforce its rights to payment of attorneys' fees and costs in addition to the principal and interest owed.

98.   Should Defendants fail to pay the principal and interest amounts in accordance with this notice, Blooms is entitled to entry of a judgment in its favor against Defendants that includes its incurred attorneys' fees and costs.

## COUNT X
## PREJUDGMENT INTEREST

99.   Blooms realleges ¶¶1 – 30.

100.   Pursuant to applicable law, Blooms is entitled to pre-judgment interest on the amount of damages due hereunder.

WHEREFORE, Blooms respectfully demands as follows:

a)  that this case be tried to a jury of twelve;

b)  that Blooms have judgment against Defendants;

c)  that costs of this action be cast against Defendants; and

d)  that Blooms have such other and further relief as is just and proper.

Respectfully submitted this 3rd day of June, 2026.

**FRIEND, HUDAK & HARRIS, LLP**

**/s/ Joel L. McKie**
JOEL L. MCKIE
Attorney in Charge
Georgia Bar No. 585780
SDTX Fed No. 3972493

*Counsel for Plaintiff*

3 Ravinia Drive
Suite 1700
Atlanta, GA 30346
jmkie@fh2.com
770-399-9500